NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAFAEL RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>FCM & RFED, & CFTE,<br><br>Defendants. | Civil Action No. 23-23278 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Rafael Rodriguez's ("Plaintiff") application to proceed *in forma pauperis* (ECF No. 2), together with Plaintiff's Complaint against "FCm and RFed" and "CFT[C]" (collectively, "Defendants") (Compl., ECF No. 1.) For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and his Complaint is **DISMISSED** without prejudice.

I.  **BACKGROUND**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2).[1] Although the first page of Plaintiff's Complaint appears to state that it is brought against "FCm and RFed with CFTE," the third page indicates that it is brought against "FCm and RFed with the CFTC," which the Court interprets to be "Futures Commission Merchant" and "Retail Foreign Exchange Dealer" with the "Commodity Futures Trading Commission." (Compl. at 1, 3.) Pages four and five of the Complaint

---

[1] Plaintiff's Complaint is extremely brief and the handwriting difficult to interpret, but the Court has endeavored to discern Plaintiff's allegations to the best of its ability.

indicate that this case is also brought against Mia Alexis ("Alexis"), who Plaintiff alleges is an employee of "FCm and RFed." (*Id.* at 4, 5.) According to Plaintiff, in November 2021, Plaintiff "started the [Bitcoin] tra[d]ing process with Alexis and her company . . . ."[2] (*Id.* at 5.) Plaintiff "sent her $20,000 for the trading but then Alexis started asking and asking for more money," stating that it was needed to complete the process. (*Id.*) Thereafter, Alexis continued to ask for more money and never "sent back [Plaintiff's] trading money." (*Id.*)

Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) In it, Plaintiff indicates that he is "sick" and not employed, that no one lives with him who has income from any other source, and that he has no financial assets. (ECF No. 2 at 1–2.) Plaintiff also represents that he has five dependents and $1,572.55 in monthly expenses, including rent and utilities. (*Id.* at 2.) Therefore, Plaintiff has not been able to pay his rent—"[a]t this time I ow[e] my rent because I am sick and I dont [sic] have money to pay." (*Id.*)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

---

[2] The Complaint appears to say "the Bitoo tn traiding process"—which the Court interprets to be a reference to Bitcoin trading. (Compl. at 5.)

2

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an IFP application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

### III.  DISCUSSION

#### A.  *In Forma Pauperis* Application

The IFP statute requires a plaintiff to submit "an affidavit stating all income and assets" and "the plaintiff's inability to pay the filing fee." *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (citing § 1915(a) and *Glenn v. Hayman*, No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)). Plaintiff's IFP application here has established his inability to pay the filing fee, as the application shows Plaintiff is not employed and has no income or assets but has five dependents and over one thousand dollars in monthly expenses. (ECF No. 2 at 1–2.) Therefore, Plaintiff's IFP application is **GRANTED**.[3]

---

[3] The Court notes that this case was originally filed in the Southern District of New York, who transferred this case to this district. *See Rodriguez v. FCM & RFED et al.*, Case No. 23-10340 (United States District Court for the Southern District of New York). Plaintiff's IFP application was submitted on the form used in the Southern District of New York, which contains slightly different prompts than those utilized in the District of New Jersey. (*See generally* ECF No. 2.) The Court does not find that provides a basis to deny Plaintiff's IFP application.

B.     **Review of Complaint**

Even if the Court denies the IFP application, the Court still has discretion to review the merits of an IFP complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citing 10 James Wm. Moore et al., Moore's Federal Practice § 54.104(1)(a) (3d ed. 2019)). The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 further requires that the Complaint's allegations are "simple, concise, and direct." R. 8(d). Although Rule 8's requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

Plaintiff's Complaint does not pass muster under Rule 8(a). The Complaint fails to answer the most basic questions necessary for the Court and Defendants to understand the nature of Plaintiff's claims, such as the who, what, where, and when of the wrongdoing Plaintiff seeks redress for in federal court. Thus, the Complaint fails to provide a "short and plain statement" putting Defendants on notice of the conduct Plaintiff complains about. *See* Fed. R. Civ. P. 8(a)(2).

The Court also notes that Plaintiff's Complaint fails to demonstrate the Court's subject matter jurisdiction. "The plaintiff has the burden of pleading the existence of the court's jurisdiction and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999). Complete diversity requires that "no plaintiff [may] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Without sufficient facts to determine citizenship, a complaint is subject to dismissal for lack of diversity jurisdiction. *See Poling v. K. Hovnanian Enterprises*, 99 F. Supp. 2d 502, 516 (D.N.J. 2000). Plaintiff does not allege a basis for this Court's jurisdiction, checking neither the "Federal Question" nor the "Diversity of Citizenship" box. (Compl. at 2.) He states that he is a citizen of Bronx, New York. (*Id.*) However, for the state of citizenship of Defendants, he simply writes the name of Defendants: "FCm and RFed with the CFTC." (*Id.*) He indicates that Defendants' principal place of business is in Warren, New Jersey but does not provide a state of incorporation. (*Id.*) *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

Moreover, it appears as though he is trying to bring claims against Alexis but does not provide information as to Alexis's citizenship. The Complaint simply lists an address at which Alexis can be served, which is the same address as listed for "FCm and RFed." *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 469 (D.N.J. 2012) (explaining that using the same address for the employee and employer does not suffice to show the employee's domicile). Accordingly, the Court can neither discern whether Plaintiff is bringing a federal claim nor whether complete diversity

5

exists here.[4] *See Gay v. Unipack, Inc.*, No. 10-6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011) (stating that "complete diversity must be apparent from the pleadings" for court to exercise diversity jurisdiction). Therefore, the Complaint is dismissed without prejudice for Plaintiff to file an amended complaint correcting the identified defects. *See Wallace v. Jones*, No. 23-1392, 2023 WL 6158037, at *1 (3d Cir. Sept. 21, 2023) (affirming district court's dismissal of a *pro se* complaint on the grounds that the complaint did not present a federal question or plead diversity jurisdiction).

---

[4] This deficiency is compounded by the fact that it is difficult to discern what cause(s) of action Plaintiff is trying to state. Plaintiff does not allege any injuries, nor does he seek any relief from the Court. (*See* Compl. at 6.) Should Plaintiff opt to re-file his Complaint, the Court urges him to take advantage of the resources this District provides *pro se* litigants explaining how to file suit and what a *pro se* Complaint can look like. *See* https://www.njd.uscourts.gov/sites/njd/files/ProSePacket_1.pdf.

## CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and his Complaint is **DISMISSED** without prejudice. Within thirty (30) days, Plaintiff may file an amended complaint addressing the deficiencies identified by the Court.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: August 12, 2024